**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROOSEVELT HILL,

    Petitioner,

v.                                            CASE NO: 8:05-CV-911-T-30EAJ

ATTORNEY GENERAL, STATE OF
FLORIDA, et al.,

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of the 1999 second degree murder conviction entered against him in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. (Dkt. 1.) Respondent filed a response to the petition (Dkt. 8), and Petitioner filed a reply to the response and a memorandum of law (Dkt. 14). For the reasons explained below, the Court concludes that the petition should be denied.

## BACKGROUND

On March 10, 1999, a jury found Petitioner, Roosevelt Hill (hereinafter referred to as "Petitioner"), guilty of second degree murder. On April 6, 1999, the State court sentenced Petitioner as a violent career criminal and prison releasee re-offender to life imprisonment without parole. Petitioner filed a direct appeal to the Second District Court of Appeals. On

October 9, 2002, the Court of Appeals affirmed Petitioner's conviction for second-degree murder but reversed his concurrent life imprisonment sentences as both a violent career criminal and a prison releasee re-offender.

On August 11, 2003, Petitioner filed an application for post-conviction relief pursuant to 3.850 of Florida's Rules of Criminal Procedure alleging ineffective assistance of counsel. On September 17, 2003, the state court denied four of Petitioner's claims for post-conviction relief and reserved judgment on three of Petitioner's claims to give the state attorney an opportunity to respond. On April 14, 2004, the state court held an evidentiary hearing on the three remaining claims. After reviewing the evidence presented at the hearing, record, court file, Motion and memoranda, the Court dismissed Petitioner's remaining claims for relief. Petitioner appealed the denial of his 3.850 motion to the Second District Court of Appeals for the State of Florida which affirmed in a *per curiam* decision without written opinion. See Hill v. State, 902 So. 2d 147 (Fla. 2d DCA 2005) (table decision). On May 12, 2005, Petitioner timely submitted this § 2254 motion for habeas relief.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a

state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. See Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003). Federal courts do not conduct independent reviews of claims that were addressed on the merits by the state courts. 28 U.S.C. § 2254(d); See Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002). Federal courts may not grant habeas relief with respect to claims adjudicated on the merits in state court unless the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003).  A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.

## **DISCUSSION**

**Procedural Bar**

The Government makes conflicting arguments regarding the exhaustion of state remedies. The Government first states that the issues raised in the instant motion were exhausted at the state level (Dkt. 8 at 9) which would make this habeas petition ripe for review in this Court. But the Government later contends that grounds one through six of

Petitioner's claims are procedurally barred because Petitioner failed to appeal the trial court's order denying his 3.850 motion. (Dkt. 8 at 13.)

Federal habeas courts can not reach the merits of procedurally defaulted claims. Rodwell v. Singletary, 113 F. Supp.2d 1308 (M.D. Fla. 2000). Issues presented in a habeas corpus petition must have been presented, and exhausted in the state courts prior to being presented in a § 2254 petition. 28 U.S.C. § 2254(b)(1); McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). Exhaustion of state remedies requires that a petitioner invoke appellate review, but does not require extraordinary procedures. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); 28 U.S.C. § 2254. A habeas petitioner seeking review of a Florida conviction is not required to seek discretionary review by the Florida Supreme Court to establish that petitioner satisfied the requirement of exhaustion of state remedies. See Tucker v. Dept. of Corrections, 301 F.3d 1281, 1283-84.

This Court determines that Petitioner's claims were exhausted at the state level, and therefore, Petitioner is entitled to district court review of this § 2254 habeas corpus petition. Petitioner filed a direct appeal of his case then subsequently filed a 3.850 motion in which he asserted seven grounds for relief. The grounds raised therein are identical to the grounds raised in the instant § 2254 habeas corpus petition. After Petitioner's motion was denied by the state court, Petitioner appealed the denial as to all grounds to the Second District Court of Appeal which affirmed in a *per curiam* decision. Petitioner was not required to file an appeal with the Florida Supreme Court. Therefore, Petitioner exhausted the issues raised in

this petition at the state level, and this § 2254 habeas corpus petition is ripe for review.

**Overview of Claims:**

Petitioner's habeas petition presents seven claims of ineffective assistance because trial counsel failed to:

(1) & (7)   investigate and present an alibi defense and request alibi defense jury instructions

(2)   timely file a motion to suppress evidence;

(3)   object and impeach the state's eyewitnesses, and Josephine Adams, and Annie Gilbert;

(4)   "object and investigate the laws and chain of custody of evidence;"

(5)   withdraw when the relationship between Petitioner and counsel became contentious;

and that

(6)   cumulatively, the errors alleged in claims 1-5 deprived Petitioner of due process.

(Dkt. 1, pp. 6-13.) Petitioner claims ineffective assistance of counsel amounted to a violation of his rights under the Sixth and Fourteenth Amendments. (Dkt. 1, 14.)

Ineffective assistance of counsel claims are governed by the standard set forth in Strickland v. Washington, 466 U.S. 668, 684 (1984). To establish a *prima facie* claim, Petitioner must prove that (1) counsel's performance was deficient; and (2) that the deficient

performance prejudiced the Petitioner. Id. The Strickland standard defines the proper measure of attorney performance as "reasonableness under prevailing professional norms," but counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Deficient performance requires a showing that "in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Petitioner must show that counsel's deficient performance actually prejudiced the defense case. Strickland, 466 U.S. at 691-92. The Petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Even an unreasonable error by counsel does not necessitate the setting aside of a judgment if the error did not affect the judgment. Id. at 692. Strategic decisions rendered by counsel after a complete review of relevant laws and facts are "virtually unchallengeable." Id. at 690-91. Petitioner can not meet his burden by showing that counsel could have chosen a different course at trial. White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Rather, Petitioner must show that counsel did not do what was constitutionally compelled to provide adequate counsel. Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (*quoting* Burger v. Kemp, 483 U.S. 776, 794 (1987)).

**Grounds One and Seven:**
    **Alibi Defense and Failure to Request Jury Instruction on an Alibi Defense**

Petitioner alleges that his trial attorney failed to investigate and present an alibi defense. Specifically, Petitioner claims that on the night of April 8, 1998, he was working at Winn-Dixie supermarket at 1601 West Kennedy Boulevard in Tampa unloading and loading trucks until 7:25pm, after the underlying crime was committed. Petitioner alleges that he provided his attorney with the names and addresses of employment of numerous witnesses, including Lynn Everson, which would have corroborated his alibi. Further, Petitioner argues that Counsel should have obtained employee records, tax records, and time cards which would have verified that he was working at the time of the crime.

The state court initially postponed its ruling until the Office of the State Attorney could respond. (Dkt. 8, Ex. 5.) After review of the state's response and an evidentiary hearing, the state court denied this post-conviction claim as follows:

> And, after reviewing the testimony presented by Defendant and Mr. Maiello at the April 14, 2004 hearing, this Court finds that Defendant did not advise Mr. Maiello of a potential defense witness by the name of Lynn Everson. Moreover, the Court finds that Mr. Maiello did attempt to verify Defendant's employment with Winn-Dixie, and no information relating to Defendant being employed with Winn-Dixie existed. See Smith v. State, 697 So. 2d 991, 992 (Fla. 4th DCA 1997) (stating that following an evidentiary hearing the finder of fact can rely upon testimony it finds to be credible and reject testimony if finds to be untrue). Therefore, Defendant fails to demonstrate how counsel performed deficiently pursuant to Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As such, no relief is warranted upon claim 1 of ground 1.

(Dkt. 8, Ex. 8 at 3.)

The record supports the state trial court's finding. At the April 14, 2004 evidentiary hearing on Petitioner's 3.850 motion, former defense counsel, Thomas Maiello, testified that "Mr. Hill had indicated that he had swung the pickax and hit Mr. Massey because Mr. Massey had come at him with a crate of some sort and, um, that was the defense all along up until right before the trial." (Dkt. 8, Ex. 7 at R523.) When asked whether he investigated and corroborated the alibi defense, Maiello testified that he attempted to do so by calling, and going to the Winn-Dixie where Petitioner allegedly worked to verify his employment, but that Winn-Dixie did not have any record of Petitioner. (Dkt. 8, Ex. 7 at R528.) Maiello also testified that he had no recollection of Petitioner advising him that Lynn Everson would corroborate Petitioner's alibi, and the defense had no other witnesses to testify to any defense. (Dkt. 8, Ex. 7 at R524-25, 527.)

Petitioner also testified at the hearing. Petitioner testified that he told his attorney, and the arresting officer that he was working at Winn-Dixie on the night of the alleged murder. (Dkt. 8, Ex. 7 at R506.) Petitioner was questioned by the prosecuting attorney, Wayne Chalu, about Petitioner's alleged employment at Winn-Dixie as follows:

> CHALU: Mr. Hill, didn't you testify at trial that you didn't actually work for Winn-Dixie but you got paid by the truck drivers in cash to help unload the trucks?
>
> HILL: I never had – when I was on the stand I said my daughter went out there and got twenty-five dollars, and that - - and that - - and the State Attorney tried to cross me up, say that's what you was working for. That's when they pulled me off the stand. I never did say I worked for - - unloading no trucks for no twenty-five dollars. I said my daughter went out there and got twenty-five dollars, and then you didn't give her

|  |  |  |
|---|---|---|
|  |  | a chance - - that's what I said. |
| CHALU: | | Did you testify at trial, sir, that this job at Winn-Dixie was not a regular job? |
| HILL: | | No, sir, I never did say that. |
| CHALU: | | I'm not finished with the question. That the truck drivers working with Winn-Dixie were actually the ones unloading the trucks that paid you. You didn't testify to that? |
| HILL: | | No, sir. |
| CHALU: | | Would it refresh your memory if I showed you what you testified to at trial? |
| HILL: | | No, I ain't testify - - no sir, I don't remember testifying to that. Ain't no truck driver paid me, because I started off - - |
| CHALU: | | So even if I showed you this, sir, it would not refresh your memory? |
| HILL: | | No, sir. |

(Dkt. 8, Ex. 7 at R 512.) Petitioner also testified that he never claimed to have employment stubs in his property at the jail. He insisted that a trial transcript would not refresh his memory of his former testimony because he never claimed to have the stubs at the jail.

Contrary to Petitioner's allegation, there is sufficient evidence to support the state court's findings. The court found that Petitioner never told defense counsel about a witness that would corroborate his alibi, and that defense counsel did, in fact, attempt to develop and corroborate Petitioner's alibi defense. (Dkt. 8, Ex. 8 at 3.) Factual determinations made by the state court are presumed correct, and the applicant has the burden of rebutting the facts by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Since there is substantial evidence

to support the state court's findings of fact, Petitioner fails to show that defense counsel's performance was deficient under Strickland. Strickland, 466 U.S. 668.

Petitioner also claims that counsel failed to provide adequate assistance for failing to request an alibi defense instruction to the jury. The state court denied this post-conviction claim because Petitioner did not demonstrate prejudice. (Dkt. 7, Ex. 8 at 6.) The court stated that since the jury was presented with Defendant's alibi and "clearly chose to reject that defense," the Defendant failed to demonstrate prejudice under Strickland.

In the evidentiary hearing, Mr. Maiello also testified that he represented Petitioner for ten or eleven months, and prepared to argue self-defense for the entirety of his representation. (Dkt. 8, Ex. 7 at R530-34.) A jury instruction for alibi defense, Maiello testified, would not have changed the outcome of the trial because the alibi claim was not supported or documented by any witnesses or testimony. (Dkt. 8, Ex. 7 at R532.) In fact, the witnesses were contrary to an alibi defense --- there were two eyewitnesses to the incident, both friends of Petitioner, who testified that they saw Petitioner hit the decedent in the head with the pickax.

Since the record shows that the state court properly applied Strickland, Petitioner is not entitled to relief on this ground.

**Ground Two: Failed to file timely Motion to Suppress Evidence**

Petitioner alleges that he received ineffective assistance of counsel at trial because his attorney failed to timely file a motion to suppress evidence. Specifically, Petitioner argues

that counsel should have filed a motion to suppress the pickax because it was identified as the weapon by "less than credible witnesses, who apparently were intoxicated during interrogation." (Dkt. 1 at 9.) Petitioner claims that no blood, fingerprints, or particles of flesh were found on the ax which would link Petitioner to the weapon, or the crime. Therefore, Petitioner argues, the weapon was unlawfully introduced into evidence and prejudiced the jury.

>   The state court denied this post-conviction claim as follows:
>
>   Defendant fails to allege or demonstrate that counsel knew of any valid basis for seeking the suppression of the pick-ax. Moreover, merely alleging that the weapon was identified by less than credible witnesses does not provide a basis for a motion to suppress. See also Kennedy v. State, 547 So. 2d 912, 913 (Fla. 1989) (stating that a defendant may not simply file a motion for postconviction relief containing conclusory allegations that counsel was ineffective and then expect to receive an evidentiary hearing). As such, no relief is warranted upon claim 1 of ground 2.
>   In claim 2 of ground 2, Defendant alleges that the evidence against him was entirely circumstantial. However, the record clearly reflects that Defendant is incorrect. Specifically, Mr. Mark Birch and Ms. Annie Gilbert both testified at Defendant's trial that they saw Defendant hit the victim, Mr. Willie Massey, also known as "Monk", in the head with a pick-ax.

(Dkt. 8, Ex. 6 at 5.) In addition to finding that counsel did not know of any valid basis upon which he could seek suppression, the state court determined that "defense counsel extensively argued against the admittance of the pick-ax and noted his objections to its admittance numerous times in speaking with the Court and the State regarding this issue." (Dkt. 8, Ex. 6 at 8.)

To receive habeas relief Petitioner must prove that the state court unreasonably applied federal law. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. Although

Page 11 of  17

counsel did not file a motion to suppress, the record supports the state court's determination that defense counsel objected numerous times to its admittance into evidence. Over counsel's objections, the trial court admitted the pickax into evidence. Petitioner points to no reason to suggest that had a motion to suppress been made, it would have been granted or would have changed the outcome of the underlying proceeding. If the witnesses were intoxicated, that would have gone to the weight of their testimony, not the admissibility of the weapon.

Since the record shows that the state court properly applied Strickland, this ground fails.

**Ground Three: Failing to Object and Impeach Witness Testimony**

Petitioner alleges that he was provided ineffective assistance of counsel because his former defense attorney failed to impeach witness testimony. The state court denied this post-conviction claim as follows:

> In claim 1 of ground 3, Defendant alleges that counsel should have impeached the State's witnesses on grounds that they were intoxicated when Defendant committed the crime charged in case 98-06003 . . . . A review of the cross-examination of Mr. Birch, however, does reflect that defense counsel extensively inquired as to how much alcohol Mr. Birch had consumed prior to observing the incident. A review of Ms. Gilbert's testimony also reflects that defense counsel inquired as to how much alcohol Ms. Gilbert consumed prior to observing the incident. Defense counsel also inquired of Detective Massucci whether Ms. Gilbert consumed alcohol on the night of the incident. Moreover, the record reflects that defense counsel argued that impairment of the aforementioned witnesses' testimony was possible due to consuming alcohol. Accordingly, the record conclusively refutes Defendant's allegation that counsel was ineffective pursuant to Strickland for failing to impeach Mr. Birch's and Ms. Gilbert's testimony on grounds of intoxication. As such, no relief is warranted upon claim 1 of ground 3.

> In claim 2 of ground 3, Defendant also alleges that counsel was ineffective for failing to impeach Ms. Josephine Adams and Ms. Gilbert by showing their bias against Defendant. Specifically, Defendant claims that he had intimate relationships with Ms. Adams and Ms. Gilbert prior to the incident in case 98-06003. Defendant claims that against their wishes, he broke off these relationships with these two women. Accordingly, Defendant alleges that counsel should have impeached Ms. Adams' and Ms. Gilbert's testimony by showing that they were merely seeking revenge against him for having terminated these alleged intimate relationships.
>
> A review of the Jury Trial Data Sheet in case 98-06003, reflects that Ms. Adams did not testify at trial. As such, Defendant's claim as to Ms. Adams is without merit. As to the allegation regarding Ms. Gilbert, the record reflects the following:
>
>> MR. MAIELLO: Let me ask you this. Had you ever socialized or spent anytime with Mr. Hill?
>>
>> MS. GILBERT: I just see him, you know, maybe sit up the street sometime.
>>
>> MR. MAIELLO: Okay. But had you ever actually had a conversation with him or socialized with him face-to-face?
>>
>> MS. GILBERT: Well, you know, I'll say "hello", you know, speak with him every now and then.
>>
>> MR. MAIELLO: How long had you known him prior to this incident?
>>
>> MS. GILBERT: Um, about three or four months.
>>
>> MR. MAIELLO: Three or four months.
>>
>> MS. GILBERT: Yes.
>
> Accordingly, Ms. Gilbert's testimony conclusively refutes Defendant's allegation that he and Ms. Gilbert were involved in an intimate relationship. Therefore, the Court finds that Defendant fails to meet the first prong of <u>Strickland</u> by failing to show how counsel performed deficiently. As such, no relief is warranted upon claim 2 of ground 3.

(Dkt. 8, Ex. 6 at 7-8) (court's citations to exhibits omitted.)

The Petitioner's underlying assertion supporting ground three is factually incorrect --- his attorney did try to impeach Mr. Birch and Ms. Gilbert on the grounds of intoxication and Ms. Gilbert on the basis of her relationship with Petitioner. Just because he was unsuccessful doesn't mean his performance was deficient. Therefore, this ground fails.

**Ground Four:**
**Failing to Object and Investigate the Loss of Evidence in the Chain of Custody**

Petitioner alleges that his defense counsel provided ineffective assistance by failing to object and investigate "the loss in chain of custody of evidence." (Dkt. 1 at 19.) Specifically, Petitioner asserts that since the alleged weapon that was used was never connected to the underlying crime, or to Petitioner, counsel should have challenged its admission into evidence, and instructed the jury of the loss in chain of evidence. (Dkt. 1 at 21.) The state court denied this post-conviction claim as follows:

> In ground 4, Defendant alleges counsel was ineffective for failing to object and investigate the loss of evidence in the chain of custody. Specifically, Defendant claims that he requested counsel to object to the introduction of the pick-ax at trial, as there was no proof that this was the weapon Defendant used against the victim. A review of the record in this case, however, conclusively refutes this allegation. Specifically, defense counsel extensively argued against the admittance of the pick-ax and noted his objections to its admittance numerous times in speaking with the Court and the State regarding this issue. Accordingly, since the record demonstrates that defense counsel did object and argue against admittance of the pick-ax, Defendant has failed to show how counsel performed deficiently pursuant to <u>Strickland</u>. As such, no relief is warranted upon ground 4.

(Dkt 8, Ex. 8 at 8.)

Once again, Petitioner's claim is factually incorrect and this ground fails. His attorney did argue against the admission of the pickax. There is no deficient performance. Further,

Page 14 of 17

Petitioner points to no gap in the chain of custody of the pickax.

**<u>Ground Five:</u> Failing to Withdraw from the Case**

Petitioner argues that trial counsel failed to provide effective assistance for failing to withdraw when the relationship became adversarial. Specifically, Petitioner alleges that he and counsel had numerous verbal confrontations, and that defense counsel became verbally abusive after Petitioner failed to accept the state's plea offer. Also, Petitioner argues that the trial court abused its discretion for failing to appoint conflict-free counsel. The state court denied this post-conviction claim based on testimony presented at the April 14, 2004 hearing. The court found that "no adversarial relationship existed between Defendant and Mr. Maiello." (Dkt. 8, Ex. 8 at 4.) The state court also found that "no verbal confrontations and assaults occurred" between Petitioner and defense counsel. The state court denied the Petitioner's claim that the court committed reversible error by failing to conduct an evidentiary hearing on the defense counsel's representation because the claim was procedurally barred. (Dkt. 8, Ex. 6 at 9.)

Both Petitioner and former defense counsel were given the opportunity to testify at the evidentiary hearing. Defense counsel testified that he never felt that the relationship between him and Petitioner became adversarial. Maiello also testified that after review of the record, he recalled Petitioner affirming to the trial court judge that he was satisfied with his representation. (Dkt. 8, Ex. 8 at R523, 529.) Petitioner testified that he asked the trial judge several times to take Maiello off the case because the two could not get along, and that "he

always brought something up different about the evidence." (Dkt. 8, Ex. 8 at R509.)

The state court made a factual finding that the relationship did not become adversarial at any time during the proceeding. Without clear and convincing evidence to the contrary, this Court accepts the state court's finding. Therefore, Petitioner fails to demonstrate that he received ineffective assistance because counsel failed to withdraw. This finding also disposes of Petitioner's related claim that the trial court abused its discretion by failing to appoint new counsel upon Petitioner's request.

### Ground Six: Cumulative Impact

Petitioner contends that he received ineffective assistance because counsel's combined errors deprived him of his right to a fair trial. Petitioner relies entirely on the other grounds in his habeas petition, and raises no additional facts to support his cumulative impact argument.

The state court denied this post-conviction claim because based on its denial of grounds 1, 2, 3, 4, 5 and 7, the Court did not have a basis to support a finding that the cumulative impact of counsel's errors deprived Petitioner of the right to a fair trial. (Dkt. 8, Ex. 8 at 4.)

Since Petitioner is not entitled to relief under the other grounds raised in the petition, this Court cannot find that the cumulative impact of defense counsel's errors deprived Petitioner of his right to a fair trial under the Eighth and Fourteenth Amendments.

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2254 (CV Dkt. #1) is DENIED.

2.      The Clerk is to enter judgment for Respondents, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 20, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2005\05-cv-911.deny 2254.wpd